**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| QUINCY VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-00157 SRW |
| | ) | |
| DR. JOHN DOE CHADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Quincy Vaughn to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B) the Court will dismiss this action.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the financial information contained in the application, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff Quincy Vaughn, an inmate at South Central Correctional Center in Licking, Missouri, filed the instant action pursuant to 42 U.S.C. § 1983 on November 16, 2022. Plaintiff names the following individuals and entities as defendants in this action: Dr. John Doe Chada; Corizon Medical Services; Centurion Medical Services; and the Missouri Department of Corrections. Plaintiff does not indicate the capacities under which he is suing defendants.

Plaintiff claims that "federal agents (FBI/CIA)" are currently "pos[ing] as inmates" in a "Top Secret program." He asserts that he has been the "target of this operation since August of 2020 at Bonne Terre, but it wasn't until [he] went to Charleston in 2021 that the psychological warfare began taking place." The torture includes an odorless chemical agent, "unseen to the eye," which plaintiff believes has threatened to "bust [his] heart." Plaintiff also states, in a conclusory manner, that the torture by the federal agents includes "electric shocks," but he does not elaborate on this statement. He additionally claims, in a conclusory manner, that the undercover federal agents have "threatened to overdose [him]."

Plaintiff asserts that his right hand was injured in 2017 and has been swollen and tingling with nerve pain.[1] He claims that he was taken to the emergency room and provided two types of

---

[1]In one portion of plaintiff's complaint, he states that his hand has been swollen and tingling since 2017. In another portion of his complaint, he states that his hand has only been swollen and tingling for two months. Regardless, plaintiff admits he was taken to the emergency room for his hand, as well as

medication for his hand, of which he only took one medication because he believed the other medication to be doctors "experimenting on him." Plaintiff admits that he refuses medical care provided to him because he "refuse[s] to cooperate with the feds." Nonetheless, he complains that Dr. Chada "put off" surgery on his hand until July of 2022. He does not indicate what the actual diagnosis was on his hand. Further, he does not indicate if he has had the alleged surgery as of today's date.

Plaintiff complains that he injured his shoulder in 2020. He states that he has asked to have his shoulder "realign[ed," but "nothing was done." Plaintiff does not indicate which defendant he asked for treatment for his shoulder or in what Missouri Department of Corrections (MDOC) facility he was in at the time of his injury. Plaintiff does acknowledge that Dr. Chada told him that his hand and shoulder nerve injuries could be connected.

Plaintiff states that Corizon medical personnel and "the military" used inmates for experiments and injected them with Covid-19, "along with a vaccine which is being genetically engineered for testing purposes." Plaintiff claims he was also told he was injected with monkeypox, AIDS, as well as cancer; however, he is unsure of the truth of these statements. He alleges, as well, that due to experimentation he has "something growing inside of him."

For relief, plaintiff seeks monetary damages.

## Discussion

The Court finds plaintiff's claims that he was subjected to "psychological warfare" and torture by "federal agents" during his incarceration, as well as his claims that he has been subjected

---

provided at least two medications for his injury. Plaintiff also acknowledges he has been scheduled for surgery on his hand.

to experimental medical testing during his incarceration at the MDOC to be "fanciful," "fantastic," and "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-327 (1989)). These claims are indisputably meritless.

Plaintiff's Eighth Amendment claims of deliberate indifference to his serious medical needs are also subject to dismissal. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

To that end, a plaintiff must allege facts connecting the named defendants to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). In this case, plaintiff asserts that defendants were deliberately indifferent to his serious medical needs of an alleged hand and shoulder injury. However, as noted above, plaintiff has failed to indicate exactly who he complained of his shoulder injury to and whether it was treated at a MDOC facility. Additionally, although he states that he complained of his hand injury, he admits that Dr. Chada provided treatment for his hand injury on multiple occasions, by sending him to the emergency room and providing him with two different drugs to treat his hand inflammation. Plaintiff also acknowledges that he is currently awaiting surgery on his hand.

-5-

Plaintiff has failed to indicate in his complaint that defendants knew he suffered from an objectively serious medical need and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In fact, plaintiff has failed to allege anything more than a disagreement with the treatment provided to him by Dr. Chada. "A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007). *See also Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation").

For the aforementioned reasons, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims. The Court will dismiss the complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE